BENTON, J.
 

 We affirm the final order terminating KW.’s parental rights in all respects except one.
 
 See J.C. v. Dep’t of Children & Families,
 
 959 So.2d 431, 431 (Fla. 4th DCA 2007). The evidence to prove abandonment was not “clear and convincing [and the finding otherwise was not] supported by competent substantial evidence.”
 
 N.L. v. Dep’t of Children & Family Servs.,
 
 843 So.2d 996, 1000 (Fla. 1st DCA 2003).
 

 Here, as in
 
 J.C.,
 
 however, “despite th[e] error [in ruling that K.W. abandoned the children], the termination of ... parental rights itself is affirmed, because two other grounds supporting termination were established by DCF.” 959 So.2d at 431.
 
 Accord A.B. ex rel. J.B. v. Dep’t of Children & Families,
 
 969 So.2d 422, 422 (Fla. 1st DCA 2007) (affirming order terminating AB.’s parental rights where supported by adequate evidence on 39.806(l)(c) and (e) grounds, but reversing portion of order terminating parental rights under 39.806(b) on abandonment grounds for insufficient evidence). On the present appeal, importantly, there has been no challenge to the trial court’s ruling that the best interests of the children required termination of K.W.’s parental rights.
 
 Cf. C.C. v. Dep’t of Children & Family Servs.,
 
 812 So.2d 520, 523 (Fla. 1st DCA 2002) (“We nevertheless remand for reconsideration of A.C.’s best interests, in accordance with section 39.810, Florida Statutes (2000), because the fact findings in the order under review are erroneous and incomplete.”).
 

 Therefore, “we affirm the termination of [KW.’s] parental rights under section 39.806(l)(c) and (e), but reverse that portion of the order terminating her parental rights on the ground that she abandoned her children under section 39.806(l)(b) and remand for this finding to be stricken from the order.”
 
 A.B. ex rel. J.B,
 
 969 So.2d at 422.
 

 HAWKES, C.J. and LEWIS, J., concur.