# Third District Court of Appeal

## State of Florida

Opinion filed December 19, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1404
Lower Tribunal No. 16-15562
_____

**G.M.R., the mother,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Rosa C. Figarola, Judge.

Law Office of Richard F. Joyce, P.A., and Richard F. Joyce, for appellant.

Law Office of Rocco J. Carbone, III, PLLC, and Rocco J. Carbone, III (St. Augustine); Thomasina Moore, and Laura J. Lee (Tallahassee), for appellee Guardian ad Litem Program.

Before SALTER, FERNANDEZ, and LINDSEY, JJ.

PER CURIAM.

The trial court entered a final judgment terminating G.M.R's parental rights as to her two children, K.M. and L.D.[1]  However, G.M.R. challenges only the

termination of her parental rights as to K.M. in the instant appeal. For the reasons set forth below, we affirm in part and reverse in part and remand to the trial court to enter a corrected final judgment.

The Department of Children and Families ("DCF") filed a petition for termination of parental rights as to L.D. on October 12, 2017. K.M.'s father ("K.M. Father"), similarly filed a petition for termination of G.M.R.'s parental rights as to K.M. in December 2017. K.M. Father asserted the following grounds in support of his petition: (i) continued abuse/neglect/abandonment for failure to comply substantially with a case plan pursuant to section 39.806(1)(e)(1), Florida Statutes (2017); (ii) irrespective of services pursuant to section 39.806(1)(c); (iii) egregious conduct pursuant to section 39.806(1)(f); and (iv) involuntary termination of parental rights to another child pursuant to section 39.806(1)(i). The trial court considered the termination petitions filed by DCF and K.M. Father during a three-day adjudicative hearing in April 2018.

In the final judgment, the trial court indicated that it was terminating G.M.R.'s parental rights as to K.M. under section 39.806(1)(c) and section 39.806(1)(e)(1). On appeal, G.M.R. contends—and DCF concedes—that the trial court erred by terminating G.M.R.'s parental rights based on section

---

[1] The final judgment also terminated the parental rights of L.D.'s father as to L.D. The tumultuous relationship between L.D.'s father and G.M.R. was an important factor throughout the termination proceedings.

2

39.806(1)(e)(1) because K.M. was never adjudicated dependent.[2] Indeed, in order to establish any basis for termination of parental rights under section 39.806(1)(e)(1) or (2), it must first be shown that the child has been adjudicated dependent and a case plan has been filed with the court. See § 39.806(1)(e).

Here, the record establishes that L.D. was adjudicated dependent, but it does not demonstrate that K.M. was also adjudicated dependent. Thus, the trial court erred in basing the termination of G.M.R.'s parental rights on section 39.806(1)(e)(1). See T.H. v. State, Dep't of Children & Families, 226 So. 3d 915, 918 (Fla. 4th DCA 2017) (reversing portion of trial court's final judgment terminating parental rights under section 39.806(1)(e)(1) because "there was no adjudication of dependency and no case plan had been filed with the court.").

There is, however, competent, substantial evidence to sustain the trial court's termination of G.M.R's parental rights to K.M. under section 39.806(1)(c). See In re W.B., 915 So. 2d 761, 762 (Fla. 2d DCA 2005) (reversing portion of trial court's order terminating parental rights under section 39.806(1)(e)(1) where the child had never been declared dependent, but affirming the termination of the parents' parental rights because there was competent, substantial evidence under

---

[2] K.M. was not part of the underlying dependency action because K.M. Father was granted sole custody of K.M. prior to the commencement of the underlying dependency action pursuant to Family Case Number 13-29341 FC 04.

section 39.806(1)(c) to sustain the trial court's decision); see also K.W. v. State, Dep't of Children & Family Servs., 36 So. 3d 810, 811 (Fla. 1st DCA 2010).

Accordingly, we reverse only the portion of the order terminating G.M.R.'s parental rights under section 39.806(1)(e)(1) and remand for entry of an amended termination final judgment removing all references to section 39.806(1)(e)(1).

Affirmed in part, reversed in part, and remanded with instructions.